IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LEONARD HOLBDY,  :
    Plaintiff,  :  3:14-cv-918
       :
   v.  :  (Judge Mariani)
       :
ANTHONY BUSSANICH, M.D.,  :
 et al.,  :
    Defendants.  :

## MEMORANDUM

Plaintiff, Leonard Holbdy, an inmate formerly confined at the United States

Penitentiary in Lewisburg, Pennsylvania, ("USP-Lewisburg"),[1] initiated this action pursuant

to Bivens[2], the Federal Tort Claims Act ("FTCA")[3], and the Americans with Disabilities Act

("ADA"), regarding the medical care he received at USP-Lewisburg in 2008 and 2009.

(Doc. 1). The named Defendants are Anthony Bussanich, M.D., C.D.; Bryan Wall, EMT-P;

D. McClintock, EMT-P; L. Ramirez, MLP; Peoria, P-A-C; Warden (2009), USP-Lewisburg;

the Federal Bureau of Prisons; and various additional, unknown agents and employees of

the Federal Bureau of Prisons, USP-Lewisburg. (Id.).

---

[1] Plaintiff is currently confined at the Federal Correctional Institution, Cumberland, Maryland.

[2] Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). A Bivens-type action is the federal counterpart to an action filed under 42 U.S.C. § 1983. See Paton v. LaPrade, 524 F.2d 862 (3d Cir. 1975); Farmer v. Carlson, 685 F. Supp. 1335, 1338 (M.D. Pa. 1988) (Nealon, J.).

[3] The United States is the only proper party Defendant in Plaintiff's FTCA claims. See 28 U.S.C. § 2679(b), (d)(1); Ricketts v. AW of Unicor, 2009 U.S. Dist. LEXIS 63733, *19-20 (M.D. Pa. 2009) (Rambo, J.).

On November 5, 2014, Defendants filed the instant motion to dismiss and/or, in the

alternative, for summary judgment. (Doc. 18). Subsequently, on November 19, 2014,

Defendants filed a statement of material facts, along with a supporting brief and exhibits.

(Docs. 19, 20). Plaintiff has not filed a brief in opposition to Defendants' motion, nor has he

requested an extension of time in which to do so. Accordingly, the motion will be deemed

ripe for disposition and, for the reasons set forth below, will be granted.

## I.    STANDARDS OF REVIEW

### A.    Motion to Dismiss

A complaint must be dismissed under FED. R. CIV. P. 12(b)(6), if it does not allege

"enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must

aver "factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct.

1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic

recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop.*

*Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words,

"[f]actual allegations must be enough to raise a right to relief above the speculative level."

*Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013)

2

(internal citations and quotation marks omitted).  A court "take[s] as true all the factual

allegations in the Complaint and the reasonable inferences that can be drawn from those

facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a

cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v.*

*Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation

marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to
> determine the sufficiency of a complaint:  First, the court must take note of the
> elements a plaintiff must plead to state a claim.  Second, the court should
> identify allegations that, because they are no more than conclusions, are not
> entitled to the assumption of truth.  Finally, where there are well-pleaded
> factual allegations, a court should assume their veracity and then determine
> whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged - but it has not show[n] - that the

pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks

omitted).  This "plausibility" determination will be a "context-specific task that requires the

reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court

must permit a curative amendment unless such an amendment would be inequitable or

futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

3

[E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

In this case, Defendants have framed their motion as one seeking dismissal under Rule 12(b) of the Federal Rules of Civil Procedure and/or, in the alternative, for summary judgment pursuant to Rule 56. *See* (Doc. 18). When a party moves to dismiss, but where "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d). Typically, when a court converts a motion to dismiss into a motion for summary judgment under Rule 56, notice must be given to all parties of the Court's intent to do so. *Id.*; *Garcia v. Newtown Twp.*, 2010 WL 785808, at *3 (E.D. Pa. 2010). However, if a motion to dismiss has been filed with an alternative request for summary judgment, the Third Circuit Court of Appeals has found that the alternative filing is sufficient to "place the parties on notice that summary judgment might be entered." *Latham v. United States*, 306 Fed. Appx. 716, 718 (3d Cir. 2009) (citing *Hilfirty v. Shipman*, 91 F.3d 573, 578-79 (3d Cir. 1996)). Accordingly, with respect to the issues of timeliness and exhaustion of administrative remedies where Defendants rely upon matters outside the pleadings, the Court will treat Defendants' motion as one for summary judgment.

4

C. *Motion for Summary Judgment*

Summary judgment should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990). "[T]his standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original); *Brown v. Grabowski*, 922 F.2d 1097, 1111 (3d Cir. 1990). A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law. *Id.*; *Gray v. York Newspapers, Inc.*, 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 257; *Brenner v. Local 514, United Brotherhood of Carpenters and Joiners of America*, 927 F.2d 1283, 1287-88 (3d Cir. 1991).

The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Orson, Inc. v. Miramax Film Corp.*, 79 F.3d 1358, 1366 (3d Cir. 1996). Once such a showing has been made, the non-moving party must go beyond the pleadings with

affidavits, depositions, answers to interrogatories or the like in order to demonstrate specific material facts which give rise to a genuine issue. FED. R. CIV. P. 56; *Celotex*, 477 U.S. at 324; *Matsushita Electric Industrial Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986) (stating that the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts"); *Wooler v. Citizens Bank*, 274 Fed. Appx. 177, 179 (3d Cir. 2008). The party opposing the motion must produce evidence to show the existence of every element essential to its case, which it bears the burden of proving at trial, because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323; *see also Harter v. G.A.F. Corp.*, 967 F.2d 846, 851 (3d Cir. 1992). "[T]he non-moving party 'may not rely merely on allegations or denials in its own pleadings; rather, its response must . . . set out specific facts showing a genuine issue for trial.'" *Picozzi v. Haulderman*, 2011 WL 830331, *2 (M.D. Pa. 2011) (quoting FED. R. CIV. P. 56(e)(2)). "Inferences should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Big Apple BMW, Inc. v. BMW of North America. Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992), *cert. denied*, 507 U.S. 912 (1993).

## II.    STATEMENT OF UNDISPUTED FACTS

Rule 56 of the Federal Rules of Civil Procedure provides: "If a party fails to properly

6

support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may ... consider the fact undisputed for purposes of the motion." FED. R. CIV. P. 56(e)(2). Similarly, Middle District of Pennsylvania Local Rule 56.1 states: "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party." M.D. Pa. L.R. 56.1.

Plaintiff failed to file a brief in opposition to Defendants' motion to dismiss and/or, in the alternative, for summary judgment, or a responsive statement of facts. Therefore, Defendants' statement of facts will be deemed admitted. The undisputed facts, taken from Defendants' statement of material facts, (Doc. 19), and declarations and exhibits submitted therewith, are as follows.

Plaintiff is a federal inmate serving a three hundred (300) month sentence for conspiracy to engage in a pattern of racketeering activity. (Doc. 19, Statement of Material Facts ("SMF"), ¶ 2; Doc. 19, Ex. 1, Declaration of K. Michael Sullivan ("Sullivan Decl."), ¶¶ 3, 5).

Plaintiff was incarcerated at USP-Lewisburg from January 12, 2005, through March 7, 2005, and again from July 2, 2007, through June 12, 2009. (SMF ¶ 4; Sullivan Decl. ¶ 4). Plaintiff was in an outside hospital from April 16, 2009, through April 27, 2009. (SMF ¶ 5; Sullivan Decl. ¶ 4).

The allegations giving rise to Plaintiff's complaint stem from incidents that occurred when he was incarcerated at USP-Lewisburg. (SMF ¶ 6). Plaintiff alleges that medical staff at USP-Lewisburg were not properly trained, experienced, licensed or qualified for their positions and that the staff permitted a "culture of neglect and indifference." (Doc. 1, pp. 2-3; SMF ¶ 6). He alleges that Defendants failed to provide timely, adequate and appropriate medical care, denied him access to outside health care providers, and denied him medical care as punishment. (Id.). Plaintiff further alleges that Defendants failed to follow Bureau of Prisons, ("BOP"), policies and guidelines, and failed to implement policies regarding individuals with disabilities and medical conditions requiring medication. (Id.).

Pursuant to BOP regulations, inmates must fully exhaust their administrative tort claims before filing a federal lawsuit. (SMF ¶¶ 10-14; Sullivan Decl. ¶¶ 9-12). A review of the BOP's computerized database for administrative tort claims indicates that Plaintiff has not filed any administrative tort claims. (SMF ¶ 15; Sullivan Decl. ¶¶ 12-13).

Pursuant to the BOP administrative remedy procedure, inmates must fully exhaust their complaints relating to any aspect of confinement prior to filing a federal lawsuit. (SMF ¶¶ 16-23; Sullivan Decl. ¶¶ 16-20). Plaintiff filed twenty (20) administrative remedies from July 2, 2007 through May 12, 2014. (SMF ¶ 25; Sullivan Decl. ¶ 24; Doc. 19, Ex. 1, Attach. 2, Administrative Remedy Generalized Retrieval). None of these administrative remedies relate to Plaintiff's allegations concerning medical care at USP-Lewisburg from July 2007

through July 2009. (*Id.*). There is no record that Plaintiff filed any administrative remedies regarding the medical care he received while housed at USP-Lewisburg from July 2, 2007 through June 12, 2009. (SMF ¶ 26; Sullivan Decl. ¶ 25).

Plaintiff initiated the instant action on May 12, 2014, approximately five (5) years after the alleged incidents in his complaint. (SMF ¶ 7). Plaintiff raises claims pursuant to the First, Fifth and Eighth Amendments, based on Defendants' conduct. (Doc. 1). Plaintiff also sets forth arguments related to respondeat superior, supervisory liability, retaliation, medical negligence, intentional infliction of emotional distress, and violations of the ADA. (*Id.* at pp. 1-24). For relief, Plaintiff seeks compensatory damages and an evidentiary hearing. (*Id.* at pp. 24-25).

## III.   DISCUSSION

### A.   *Rule 41(b)*

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action for a plaintiff's failure to comply with procedural rules or orders of the court. *See* FED. R. CIV. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962); *Donnelly v. Johns-Manville Sales Corp.*, 677 F.2d 339, 341 (3d Cir. 1982). In deciding whether to dismiss a case pursuant to Rule 41(b), the court must consider the factors identified in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984). The six (6) factors include:

9

(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary; (3) history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* at 868. Not all of the *Poulis* factors need be satisfied to dismiss a complaint. *See Shahin v. Delaware*, 345 Fed. Appx. 815, 817 (3d Cir. 2009) (citing *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992)).

First, in the present matter, Plaintiff is *pro se* and is solely responsible for not filing an opposition brief or responsive statement of material facts. *See Colon v. Karnes*, 2012 U.S. Dist. LEXIS 14692, *7 (M.D. Pa. 2012) ("Plaintiff is proceeding *pro se*, and thus is responsible for his own actions.").

Second, Defendants are prejudiced by Plaintiff's inaction because they "cannot defend an action that Plaintiff[] do[es] not pursue." *Taliaferro v. Darby Twp. Zoning Bd., et al.*, 2008 U.S. Dist. LEXIS 55695, *7 (E.D. Pa. 2008) (dismissing the complaint pursuant to Rule 41(b)).

Third, Plaintiff appears to have history of dilatoriness. The instant motion to dismiss and/or, for summary judgment, was filed six (6) months ago. To date, Plaintiff has failed to file an opposition brief or a responsive statement of material facts. Additionally, Plaintiff never requested an enlargement of time within which to do so. *See Binkley v. Rendell, et al.*, 2012 U.S. Dist. LEXIS 89510, *7 (M.D. Pa. 2012) (concluding that the plaintiff's dilatoriness of less than one month in filing a brief in opposition outweighed any of the other

10

considerations set forth in *Poulis*).

Fourth, this Court finds that Plaintiff's decision not to file a brief in opposition to Defendants' motion or a responsive statement of material facts is willful. *See Crouse v. W. Leb. Twp., et al.*, 2006 U.S. Dist. LEXIS 25972, *4 (M.D. Pa. 2006) (concluding, "plaintiff's failure to comply with the order of court directing him to file responses to the pending motions and advising that inaction may result in dismissal of the complaint ... constitutes willful disregard of the court's authority").

Fifth, because Plaintiff is indigent, this Court finds that alternative, monetary, sanctions would not be effective. *See Dennis v. Feeney, et al.*, 2012 U.S. Dist. LEXIS 7328, *5 (M.D. Pa. 2012) (finding, "monetary sanctions are unlikely to be efficacious given that Plaintiff is indigent"); *Shilala v. SCI Albion, et al.*, 2012 U.S. Dist. LEXIS 95887, *7 (W.D. Pa. 2012) ("Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties.").

Lastly, it is unlikely that Plaintiff's claims will succeed against the Defendants as his claims are time-barred and he has failed to exhaust the available administrative remedies. *See Seeley ex rel. Shepard v. Derr*, 2014 WL 1024861, *4 (M.D. Pa. 2014) (regarding the sixth *Poulis* factor, the Court stated, "it may well be that this claim was both untimely filed, and then untimely pursued, yet another factor which weighs in favor of dismissal of this action under *Poulis*"); *Pozoic v. Cumberland County Prison, et al.*, 2012 U.S. Dist. LEXIS

11

4202, \*9 (M.D. Pa. 2012) (in analyzing the sixth *Poulis* factor, this Court stated that it could

not find that the complaint would be successful on the merits because the plaintiff failed to

exhaust administrative remedies before bringing his claim. The complaint was dismissed

pursuant to Rule 41(b)), *citing Smith v. Pa. Dep't of Corr.*, 2011 U.S. Dist. LEXIS 113542,

\*28 (W.D. Pa. 2011) ("Federal courts are barred from hearing a claim if a plaintiff has failed

to exhaust all the available remedies.").

Consequently, the *Poulis* factors weigh in favor of dismissing Plaintiff's complaint for

failure to prosecute. Regardless, for the following reasons, this Court finds that Plaintiff's

*Bivens* and FTCA claims are time-barred and Plaintiff failed to exhaust administrative

remedies. Thus, the Court will grant Defendants' motion for summary judgment.

      B.    *Statute of Limitations*

          **1.**    ***Bivens***

In *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 462 (1975), the Supreme

Court stipulated that there is no federal statute of limitations for civil rights actions. *See also*

*Owens v. Okure*, 488 U.S. 235 (1989); *Goodman v. Lukens Steel Co.*, 777 F.2d 113, 117-

18 (3d Cir. 1985). In applying the statute of limitations to a *Bivens*-type civil rights action, a

federal court must employ the appropriate state statute of limitations which governs

personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Urrutia v. Harrisburg*

*County Police Dept.*, 91 F.3d 451, 457 n.9 (3d Cir. 1996). *See also Peguero v. Meyer*, 520

Fed. Appx. 58 (3d Cir. 2013) (noting that the statute of limitations for a § 1983 action and a *Bivens* action are both governed by the state statute of limitations for personal injury claims). The *Wilson* Court clarified that courts considering federal civil rights claims "should borrow the general or residual [state] statute for personal injury actions." *Owens*, 488 U.S. at 250; *Little v. Lycoming County*, 912 F. Supp. 809, 814 (M.D. Pa. 1996). Pennsylvania's applicable personal injury statute of limitations is two (2) years. *See* 42 Pa. C.S.A. § 5524(7); *Kost v. Kozakiewicz*, 1 F.3d 176, 190 (3d Cir. 1993).

However, the date when a cause of action accrues is still a question of federal law. *Smith v. Wambaugh*, 887 F.Supp. 752, 755 (M.D. Pa. 1995). Under federal law, a civil rights cause of action accrues, and the statute of limitations begins to run, when the plaintiff "knew or should have known of the injury upon which [the] action is based." *Sameric Corp. of Delaware, Inc. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998) (section 1983 action). The limitations period begins to run if a plaintiff has sufficient notice to place him on alert of the need to begin investigating. *Gordon v. Lowell*, 95 F. Supp. 2d 264, 272 (E.D. Pa. 2000). Under *Gordon*, a "claim accrues upon knowledge of the actual injury, not that the injury constitutes a legal wrong." *Id.*

The complaint alleges that medical staff at USP-Lewisburg were not properly trained or qualified, and denied Plaintiff medical care. (Doc. 1, p. 2). Plaintiff asserts that the former Warden, administrative staff, and medical staff at USP-Lewisburg permitted a

13

"culture of neglect", condoned the denial of medical care, and retaliated against him as punishment for complaining about the medical care. (*Id*.). Plaintiff claims Defendants failed to provide adequate medical care, improperly represented the qualifications of medical staff, failed to follow BOP policies and guidelines, misrepresented the level and quality of care available him, and failed to implement policies regarding individuals with disabilities and medical conditions requiring medication. (*Id*. at 2-3). Plaintiff alleges that, through July 2009, he suffered from chest pain, abdominal pain, diarrhea and rectal bleeding, vomiting, weakness, loss of appetite, fever, and possibly Crohn's Disease. (*Id*. at pp. 3-7).

The claims set forth in Plaintiff's complaint stem from Defendants' alleged actions from 2007 through 2009. However, Plaintiff did not file the instant action until May 14, 2014, more than five (5) years after the alleged actions and complaints.

As evidenced by Plaintiff's allegations in the complaint, he was aware of the alleged incidents when he was confined at USP-Lewisburg from 2007 through 2009. Thus, Plaintiff's *Bivens* claims are clearly time-barred. There are no facts or allegations asserted regarding any impediment which may have prevented the timely filing of this action. Further, there are no averments of law or fact which could support the tolling of the statute of limitations. Consequently, since this claim is barred by the applicable statute of limitations, Defendants are entitled to summary judgment on this claim.

## 2.    FTCA

Defendants assert that before Plaintiff may bring an action under the FTCA, he must first present his claim to the appropriate federal agency and wait for the agency to decide or deny the claim.  (Doc. 20, pp. 8-10) (citing 28 U.S.C. § 2675).  Defendants note that Plaintiff "failed to initiate, much less exhaust the administrative tort claim procedure within two years of any of the medical treatment that is the subject of his Complaint."  (Doc. 20, p. 9).

Title 28 United States Code section 2401(b) provides as follows:

> [A] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b).  Thus, to timely file an FTCA claim, a plaintiff must: (1) commence an administrative tort claim within two years of the date the claim accrues, and (2) file a complaint in the district court within six months of the date the administrative tort claim becomes final. *Ricketts v. AW of Unicor*, 2009 U.S. Dist. LEXIS 63733, *18 (M.D. Pa. 2009) (Rambo, J.) (citing 28 U.S.C. § 2401(b)).  A "claimant must abide by the strict time requisites codified in 28 U.S.C. § 2401(b) or its tort claim under the FTCA will be 'forever barred.'" *Wilkerson v. United States*, 2012 U.S. Dist. LEXIS 85685, *10-11 (M.D. Pa. 2012) (Nealon, J.) (granting the defendant's motion for summary judgment because although the *pro se* plaintiff "exhausted his administrative tort claim remedies, he failed to file his civil

action within six months after the denial of his tort claim as required by 28 U.S.C. § 2401(b) and his claim is now barred").

"The FTCA precludes suit against the United States unless the claimant has first presented the claim to the relevant Federal agency and the claim has been finally denied." *Lightfoot v. United States*, 564 F.3d 625, 626-27 (3d Cir. 2009) (citing 28 U.S.C. § 2675(a)); *see also Thrower v. United States*, 2012 U.S. Dist. LEXIS 120211, *20-21 (M.D. Pa. 2012) (Conner, J.) (granting summary judgment on the claims not first presented to the federal agency). Title 28 United States Code section 2675 states:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail....

28 U.S.C. § 2675(a). The final denial requirement is 'jurisdictional and cannot be waived.'" *Lightfoot*, 564 F.3d at 626-27 (quoting *Bialowas v. United States*, 443 F.2d 1047, 1049 (3d Cir. 1971)); *Fullman v. United States*, 2007 U.S. Dist. LEXIS 57625, *11 (E.D. Pa. 2007) ("Failure to exhaust on the part of the plaintiff is a fatal non-waivable jurisdictional defect.").

In *McNeil v. United States*, the United States Supreme Court held that although the pleadings of *pro se* prisoners are to be liberally construed, "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by

16

those who proceed without counsel." *McNeil*, 508 U.S. 106, 113 (1993). *McNeil* concluded

that the district court properly dismissed the *pro se* plaintiff's FTCA suit for failure to

exhaust. *Id.*

Here, it is undisputed that Plaintiff has not filed any administrative remedies prior to

filing the instant lawsuit. K. Michael Sullivan, Senior Attorney for the BOP, declared under

penalty of perjury that a review of the Department records confirmed that Plaintiff "has <u>not</u>

filed **any** administrative tort claims." (Sullivan Decl. ¶ 14) (emphasis in original). Further,

he noted that Plaintiff initiated the instant action approximately five (5) years after the

incidents complained of in his complaint. (*Id.* at ¶ 15). Section 2675(a) provides that an

"action shall not be instituted ... unless the claimant shall have first presented the claim to

the appropriate Federal agency and his claim shall have been finally denied by the agency."

28 U.S.C. § 2675(a). In the instant action, Plaintiff failed to even initiate the administrative

tort claim procedure within two years of any of the medical treatment. Accordingly,

Plaintiff's FTCA claims are time-barred. Defendants are therefore entitled to summary

judgment on this claim.

    C.    *Exhaustion*

The Prison Litigation Reform Act of 1995 ("PLRA"), as amended 42 U.S.C. § 1997e,

requires prisoners to present their claims through an administrative grievance process

before seeking redress in federal court. The Act specifically provides, "[n]o action shall be

brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). An inmate must comply with the PLRA exhaustion requirement as to any claim that arises in the prison setting, regardless of the nature of the claim or of the relief sought. *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[I]t is beyond the power of ... any ... [court] to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis." *Nyhuis v. Reno*, 204 F.3d 65, 73 (3d Cir. 2000). Failure to exhaust administrative remedies is an affirmative defense that must be pled and proven by the defendant. *Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002) (reasoning that "[p]rison officials are likely to have greater legal expertise and, as important, superior access to prison administrative records in comparison to prisoners").

Further, the PLRA mandates that an inmate "properly" exhaust administrative remedies before filing suit in federal court, which demands compliance with an agency's deadlines and other procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 92 (2006); *Spruill v. Gillis*, 372 F.3d 218, 230 (3d Cir. 2004) (concluding that the PLRA includes a procedural default component); *Rivera v. Pa. Dep't of Corr.*, 388 Fed. Appx. 107, 108 (3d Cir. 2010) ("An inmate must exhaust his administrative remedies *prior* to filing a civil action in federal court.") (emphasis added). A procedural default by the prisoner, either through late or

18

improper filings, bars the prisoner from bringing a claim in federal court unless equitable considerations warrant review of the claim. *McKinney v. Kelchner*, 2007 U.S. Dist. LEXIS 71958, *8 (M.D. Pa. 2007) (citing *Spruill*, 372 F.3d at 227-32; *Camp v. Brennan*, 219 F.3d 279 (3d Cir. 2000)).

The Bureau of Prisons has established an Administrative Remedy Procedure through which an inmate may seek formal review of a complaint which relates to any aspect of his imprisonment if less formal procedures have not resolved the matter. This procedure applies to all inmates confined in Bureau of Prisons institutions. 28 C.F.R. § 542.10. Inmates are to informally present their complaints to the staff and the staff must attempt to resolve the matter. 28 C.F.R. § 542.13(a). If informal resolution is unsuccessful, the inmate must then execute the appropriate form to bring the matter to the attention of the warden. 28 C.F.R. § 542.14(b). The warden must then respond to the inmate's complaint within twenty (20) days. *Id.* at § 542.18. If an inmate is dissatisfied with the warden's response, he may then appeal to the Regional Director. *Id.* at § 542.15. If the response of the Regional Director is not satisfactory, the inmate may then appeal to the Central Office of the Federal Bureau of Prisons, which is the final administrative appeal in the Bureau of Prisons. *Id.*

Defendants contend that they are entitled summary judgment because Plaintiff failed to properly exhaust the available administrative remedies regarding his *Bivens* claims prior

19

to filing the instant action. (Doc. 20, pp. 10-12). Defendants have produced uncontroverted evidence which reveals that there is no record evidence that Plaintiff ever filed an administrative remedy regarding his *Bivens* claims. *See* (Doc. 19, Ex. 1, Attach. 2, Administrative Remedy Generalized Retrieval). Thus, it is evident that Plaintiff failed to follow the procedural requirements of the BOP. Plaintiff's failure to pursue the appropriate administrative process with respect to these claims precludes the litigation of such claims.

Attorney Sullivan declared under penalty of perjury that a review of the Department records confirmed that Plaintiff failed to file any administrative remedies concerning medical care at USP-Lewisburg from 2007 through 2009. (Sullivan Decl. ¶ 24). Specifically, he stated that "[t]here is no record that the Plaintiff filed any administrative remedies regarding the medical care he received while he was housed at USP Lewisburg from July 2, 2007 (the date he arrived at USP Lewisburg) through June 12, 2009 (the date he was transferred from USP Lewisburg)." (*Id.* at ¶ 25) (emphasis in original).

Plaintiff failed to provide any evidence that he exhausted the available administrative remedies concerning his *Bivens* claims. Accordingly, as Plaintiff failed to properly exhaust his administrative remedies before filing this action, Defendants are entitled to summary judgment with respect to this claim. *See Oriakhi v. United States*, 165 Fed. Appx. 991, 993 (3d Cir. 2006) ("[A] prisoner must exhaust all available administrative remedies prior to filing suit, including a *Bivens* action").

## IV.    CONCLUSION

Plaintiff failed to file a brief in opposition to Defendants' motion to dismiss and/or, in the alternative, for summary judgment. Defendants' motion is therefore deemed unopposed. Rule 41(b) of the Federal Rules of Civil Procedure allows a Court to dismiss an action for a plaintiff's failure to comply with procedural rules or Orders of the Court. Upon thorough review, the Court finds that the *Poulis* factors weigh in favor of dismissing Plaintiff's complaint for failure to prosecute.

However, the Court has also considered Defendants' arguments regarding timeliness and exhaustion, and finds that the motion for summary judgment should be granted.

An appropriate Order follows.

Date: May 27, 2015

Robert D. Mariani
United States District Judge